UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH DAKOTA

| | |
|---|---|
| In re: | Bankr. No. 10-40907 |
| | Chapter 7 |
| JONATHAN MERRITT EDWARDS | |
| SSN/ITIN xxx-xx-3811 | |
| and | |
| LAURA LYNN EDWARDS | |
| SSN/ITIN xxx-xx-9947 | |
| | |
| Debtors. | |
| | |
| JONATHAN M. EDWARDS | Adv. No. 11-4001 |
| | |
| Plaintiff | |
| | |
| -vs- | |
| | DECISION RE: DEBTOR-PLAINTIFF'S |
| BRAZOS LOAN SERVICING; | APPLICATIONS FOR DEFAULT |
| GRADUATE LEVERAGE; | JUDGMENT AGAINST DEFENDANTS |
| SALLIE MAE; | UNIVERSITY ACCOUNTING SERVICE, |
| UNIVERSITY ACCOUNTING | LLC, BRAZOS LOAN SERVICING, |
| SERVICE, LLC; and | AND GRADUATE LEVERAGE |
| EDUCATIONAL CREDIT | |
| MANAGEMENT CORPORATION | |
| | |
| Defendants. | |

The matter before the Court is Debtor-Plaintiff's Application for Entry of Default Judgment regarding Defendant University Accounting Service, LLC, his affidavit in support of the application, his Application for Entry of Default Judgment regarding Defendants Graduate Leverage and Brazos Loan Servicing, and his affidavit in support of the application. These are core proceedings under 28 U.S.C. § 157(b)(2). This decision and accompanying order shall constitute the Court's findings and conclusions under Fed.R.Bankr.P. 7052. As set forth below, the applications will be denied.

I.

Jonathan Merritt Edwards ("Debtor-Plaintiff") filed a chapter 7 petition in bankruptcy with his wife. He subsequently filed a complaint against several student loan creditors seeking a determination their claims should be discharged under 11 U.S.C. § 523(a)(8). In his complaint (doc. 1), Debtor-Plaintiff alleged he has

approximately $91,000.00 in student loan debt; he is almost 56 years of age; he is presently unable to support his family working as a lawyer; his wife has "permanent" medical issues and is not working, but she has not sought a determination from the Social Security Administration that she is disabled; he regularly borrows money from his elderly parents to pay household expenses; he and his wife receive food stamps; some of the student loans are in deferment; one student loan creditor has refused to put its loan back on deferment after it became past due; his income needs to increase by $2,000.00 per month to meet his family's living expenses, replace the food stamp assistance, and get medical insurance coverage, and he would need an even larger increase in income each month to make payments on his student loans; and due to his age, it is unlikely he will be able to repay his student loans in full, even using one of the student loan "income-based" or "contingency" repayment plans.

Defendants Brazos Loan Servicing, Graduate Leverage, and University Accounting Service, LLC did not answer the complaint. The Clerk entered default against them (docs. 17, 53, and 55), and Debtor-Plaintiff filed applications to have a default judgment entered against them (docs. 51 and 56).

II.

When a plaintiff's motion for default judgment is considered, the Court assumes the plaintiff's factual allegations in the complaint are true. *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010). The Court must then "consider whether the unchallenged facts constitute a legitimate cause of action, since a [defendant] in default does not admit mere conclusions of law." *Id.* (quoting 10A C. Wright, A. Miller & M. Kane, FEDERAL PRACTICE AND PROCEDURE, § 2688, at 63 (3rd ed. 1998)).

For a cause of action under 11 U.S.C. § 523(a)(8), a debtor-plaintiff must prove, by a preponderance of the evidence, his student loan debt should be discharged due to undue hardship. *Educational Credit Management Corp. v.*

*Jesperson*, 571 F.3d 775, 779 (8th Cir. 2009). When presented with such a matter, the Court must consider the totality of the circumstances presented, including the debtor's past, present, and reasonably reliable future financial resources, the debtor's reasonable and necessary living expenses, and any other relevant facts and circumstances. *Id*.

> The burden is rigorous. "Simply put, if the debtor's reasonable future financial resources will sufficiently cover payment of the student loan debt-while still allowing for a minimal standard of living-then the debt should not be discharged." [*Long v. Educational Credit Management Corp.* (*In re Long*), 322 F.3d 549,] 554-55 [8th Cir. 2003].

*Id*.

### III.

Debtor-Plaintiff's complaint in this case does not meet the rigorous burden imposed on him in this Circuit for his student loan debt to be declared dischargeable because of undue hardship. While his complaint recites he is not a young man and he has not had financial success in the legal profession, Debtor-Plaintiff did not sufficiently allege he is not employable at another occupation that will generate a sufficient household income for his family expenses and also make reasonable student loan payments. Further, the complaint does not sufficiently establish Debtor-Plaintiff's wife, a joint debtor in his bankruptcy case, is unable to work and contribute toward household expenses, either now or in the future.

Debtor-Plaintiff also failed to sufficiently establish he is unable to take advantage of the different student loan servicing options. That is a "good faith" step a debtor should take before seeking relief under § 523(a)(8). *Jesperson*, 571 F.3d at 784-85. While Debtor-Plaintiff indicates he is presently in hardship deferment with some of his student loan creditors, he does not address if or why those deferments, or other assistance programs, will no longer be available.

Because the factual allegations in Debtor-Plaintiff's complaint do not establish

a legitimate cause of action, his applications for default judgment against Defendants University Accounting Service, LLC, Brazos Loan Servicing, and Graduate Leverage will be denied.

Dated: April 29, 2011.

BY THE COURT:

Charles L. Nail, Jr.
Bankruptcy Judge

On the above date, a copy of this document was mailed or faxed to the parties shown on the attached service list.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota

NOTICE OF ENTRY
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered on the date shown above.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota

Brazos Loan Servicing
PO Box 3990
Bryan, TX 77805

Brazos Loan Servicing
2600 Washington Ave.
Waco, TX 76710

Graduate Leverage
400 fifth Ave., Suite 205
Waltham, MA 02451

Graduate Leverage
c/o Brazos Loan Servicing
4030 Hwy 6 South, Ste. 300
College Station, TX 77845

University Accounting Service, LLC
PO Box 932
Brookfield, WI 53008-0932

Sallie Mae
PO Box 9500
Wilkes-Barre, PA 18773-9500

Texas Guaranteed Student Loan Corporation
PO Box 83100
Round Rock, TX 78683-3100